See also, D.C., 663 F.Supp. 682.

**LAC COURTE OREILLES BAND OF LAKE SUPERIOR CHIPPEWA INDIANS; Red Cliff Band of Lake Superior Chippewa Indians; Sokaogon Chippewa Indian Community, Mole Lake Band of Wisconsin; St. Croix Chippewa Indians of Wisconsin; Bad River Band of the Lake Superior Chippewa Indians; Lac Du Flambeau Band of Lake Superior Chippewa Indians, Plaintiffs,**

v.

**STATE OF WISCONSIN; Wisconsin Natural Resources Board; Carroll D. Besadny; James Huntoon; and George Meyer, Defendants.**

No. 74–C–313–C.

United States District Court,
W.D. Wisconsin.

Aug. 5, 1987.

James E. Zorn, Hayward, Wis., James L. Beck, Wisconsin Judicare Inc., Wausau, Wis., for Lac Courte Oreilles Band of Lake Superior Chippewa Indians.

Milton Rosenberg, Madison, Wis., for Red Cliff Band of Lake Superior Chippewa Indians.

Earl Charleton, Milwaukee, Wis., for Sokaogon Chippewa Indian Community, Mole Lake Band of Wisconsin.

Howard Bichler, Webster, Wis., for St. Croix Chippewa Indians of Wisconsin.

Candy L. Jackson, Odanah, Wis., for Bad River Band of the Lake Superior Chippewa Indians.

Kathryn Tierney, James Janetta, Lac du Flambeau, Wis., for Lac du Flambeau Band of Lake Superior Chippewa Indians.

Mary V. Bowman, Charles Larson, James McDermott, Asst. Atty. Gen., Madison, Wis., for defendants State of Wis., Wisconsin Natural Resources Bd., Carroll D. Besadny, James Huntoon, and George Meyer.

## ORDER

CRABB, District Judge.

This is a civil action for injunctive, declaratory, and monetary relief to determine the existence, scope, and extent of the plaintiff tribes' usufructuary treaty rights in northern Wisconsin. The litigation in this case has been divided into phases. Phase 1 addressed whether and to what extent the plaintiff tribes had retained usufructuary rights within the area ceded by the treaties of 1837 and 1942. Phase I included a determination by the Court of Appeals for the Seventh Circuit that plaintiffs' off-reservation usufructuary treaty rights had not been terminated, *Lac Courte Oreilles Band v. Voigt*, 700 F.2d 341 (7th Cir.1983), and culminated in the opinion and order issued by the late Judge Doyle in February 1987, *Lac Courte Oreilles Band v. Wisconsin*, 653 F.Supp. 1420 (W.D.Wis.1987). This lawsuit is now in the preliminary stages of phase 2, which will address the permissible scope and extent of state regulation of plaintiffs' treaty-based rights.

Now before the court is a motion to intervene by Muskies, Inc., an organization devoted to the sport fishing and conservation of, and research and information on muskellunge (muskie). Muskie is one of the resources for which plaintiffs retain off-reservation treaty fishing rights. *See* 653 F.Supp. at 1427.

For 20 years Muskies, Inc. has been involved in rearing, buying, and stocking thousands of muskie, many of them in areas subject to the exercise of plaintiffs' treaty rights. Two of the largest muskie rearing projects are located in Wisconsin Rapids and Portage, Wisconsin. Funding and volunteer labor for these privately-funded projects have been provided in part by Muskies, Inc. The organization has contributed as well to state fishery programs.[1] Since its inception, Muskies, Inc. has promoted a "catch and release" program, whereby fishers who catch muskies release the fish in order to help preserve the resource. The organization was a primary financial underwriter of an April 1984 symposium in LaCrosse, Wisconsin that resulted in a publication entitled "Managing Muskies: A Treatise on the Biology and Propagation of Muskellunge in North America," published by the American Fisheries Society in 1986.

Muskies, Inc. has moved to intervene in the regulatory phase of the trial in this case as a defendant, apparently on the ground that the outcome of the regulatory phase may have a profound effect on the muskie resource in Wisconsin. In its motion to intervene, Muskies, Inc. moved both to intervene as of right pursuant to Rule 24(a), Fed.R.Civ.P., and for permissive in-

---

1. There is no indication in the affidavits supplied by Muskies, Inc. that the organization has contributed to any public fishery program in Wisconsin.

tervention pursuant to Rule 24(b). In its initial brief in support of the motion, Muskies, Inc. did not address directly the requirements of either type of intervention, and it concentrates on permissive intervention in its reply brief. Since the organization has raised both issues, however, I will address both intervention as of right and permissive intervention.

### 1. *Intervention as of right*

■ There are four essential requirements before intervention as of right will be granted.

> The application must be timely. The intervenor must show an interest relating to the property or transaction which is the subject of the action. The intervenor must show that the disposition may as a practical matter impair or impede the intervenor's ability to protect that interest. And, the intervenor must show that that interest is not adequately represented by existing parties.

*United States v. 36.96 Acres of Land,* 754 F.2d 855, 858 (7th Cir.1985). Each of the four requirements must be met, and the burden of proving each one is on the entity seeking to intervene. *Keith v. Daley,* 764 F.2d 1265, 1268 (7th Cir.1985); *United States v. City of Chicago,* 796 F.2d 205, 209 (7th Cir.1986).

The second of the four requirements is that the proposed intervenor must demonstrate an interest relating to the subject matter of the lawsuit. This interest must be greater than that necessary to confer standing. *36.96 Acres of Land,* 754 F.2d at 859. It must be direct, significant, and legally protectible. *Id.* at 858–59; *Keith v. Daley,* 764 F.2d at 1268.

There is no special or broader definition of interest applicable to cases involving "public law" issues. *Keith,* 764 F.2d at 1269. Even in such cases, the proposed intervenor's interest must be based on a right that belongs to it. "The interest must be so direct that the applicant would have 'a right to maintain a claim for the relief sought.'" *Id.* at 1268, quoting *Hey-*

*man v. Exchange National Bank of Chicago,* 615 F.2d 1190, 1193 (7th Cir.1980).

The analysis of Muskies, Inc.'s interest in this lawsuit is complicated somewhat by the fact that the relief it seeks is vague. Although the proposed intervenor does not state expressly the relief sought, it is inferable from its briefs that Muskies, Inc. seeks to protect the muskie resource in northern Wisconsin and to have a say in the state's ability to regulate plaintiffs' treaty fishing rights as they pertain to the muskie. It is highly unlikely that Muskies, Inc. would have a right to maintain a separate claim seeking generalized protection against a potential future threat to the resource, or a separate claim against plaintiffs to redefine the permissible extent of state regulation of tribal treaty fishing.

The interest or interests that Muskies, Inc. believes it has in this lawsuit are similarly ill-defined. In its briefs, the organization states that it has a "great interest" in the muskie fishery, that it has a long history of research, labor, and stocking and rearing the resource, that the potential exists of a future loss of its capital and labor on behalf of the muskie resource, that this lawsuit has generated intense interest and frustration on the part of sport fishers, that the organization may desire state regulations on muskie fishing that go beyond the permissible limits this lawsuit will set, and that the unique feature of ensuring the survival of genetically superior fish may be threatened.

There does not appear to be any question that Muskies, Inc. has demonstrated a history of research, labor, and capital on behalf of the muskie resource, or that the organization has carried out a beneficial program of rearing and stocking muskies and promoting a "catch and release" plan among sport fishers. This interest in the muskie resource may be legitimate and demonstrable, even praiseworthy, but it is not a direct and legally protectible interest that would entitle Muskies, Inc. to intervene in this lawsuit as of right. *See 36.96 Acres of Land,* 754 F.2d at 859 (non-profit organization's interest in preserving the aesthetic

and environmental values of public land "is not the type of interest which justifies intervention under Rule 24(a)"); *Keith*, 764 F.2d at 1270 (anti-abortion organization was not entitled to intervene as of right in lawsuit by physicians challenging Illinois statute regulating abortion).

Muskies, Inc. identifies an interest also in a right to petition the Department of Natural Resources for strict regulations on muskie fishing. The organization claims that it will be denied this right if the outcome of the regulatory phase does not permit the state to regulate as fully as Muskies, Inc. believes it should. This litigation will not affect the organization's right to petition the state for regulations. It will determine the permissible scope of state regulation of off-reservation usufructuary rights, but within the permissible limits, Muskies, Inc. may continue to petition for rules it believes would be beneficial. Essentially, the regulatory phase of this litigation is a declaration of the relative rights under the treaties of two sovereigns to use and regulate off-reservation resources. The rights under the treaties of neither the tribes nor the state can be expanded or contracted in accord with the wishes of a private entity.

Muskies, Inc. is concerned also that with so many resources to litigate, defendants will not adequately represent the unique aspects of the muskie fishery in northern Wisconsin. However, the relative knowledge of or commitment to an issue "is not the test for determining adequacy of representation." *Keith v. Daley*, 764 F.2d at 1270. A party need not advance arguments identical to those a proposed intervenor would make in order for the party adequately to represent the intervenor's interest. *City of Chicago*, 796 F.2d at 211. Moreover, "[a]dequacy can be presumed when the party on whose behalf the applicant seeks intervention is a governmental body or officer charged by law with representing the interest of the proposed intervenor." *Keith*, 764 F.2d at 1270.

In this lawsuit, Muskies, Inc. seeks to intervene as a defendant. The existing defendants in this action are the state of Wisconsin and the governing board and officials of the Department of Natural Resources. Under the public trust doctrine, *Muench v. Public Service Comm.*, 261 Wis. 492, 515j–15k, 55 N.W.2d 40 (1952), and statutory mandates, *see, e.g.*, Wis.Stat. §§ 23.09, 23.11, and 29.02, these defendants are charged with representing the interests of the people of the state as a whole. Subsumed within this is representation of Wisconsin sport fishers and Wisconsin members of Muskies, Inc. Defendants in this lawsuit are the governmental entities and officials charged by law with representing the natural resources interests of all Wisconsin citizens, including those who belong to Muskies, Inc. If Muskies, Inc. wishes a greater focus on the muskie resource, it is free to offer its opinions and expertise to defendants.

I conclude that Muskies, Inc. has not met its burden of proving each of the four requirements for intervention as of right. Specifically, the proposed intervenor has not demonstrated that it has a direct, substantial, and legally protectible interest in the subject matter of this lawsuit. In addition, it has not shown that the interests it does have are not represented adequately by defendants. Accordingly, Muskies, Inc. motion to intervene as of right pursuant to Rule 24(a) will be denied.

### 2. *Permissive intervention*

Rule 24(b) of the Federal Rules of Civil Procedure permits intervention upon timely application "when an applicant's claim or defense and the main action have a question of law or fact in common." Permissive intervention is within the discretion of the district court. *City of Chicago*, 796 F.2d at 211; *Keith*, 764 F.2d at 1272. In exercising its discretion, the district court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Rule 24(b).

As I noted earlier, it is difficult in this case to know precisely what Muskies, Inc.'s claim or defense is. The organization does not articulate a claim or defense per se, but rather recites a number of aspects of its interest in the muskie resource. At bottom, Muskies, Inc.'s claim

appears to be its uneasiness with the adequacy of the anticipated state defense concerning muskies. I concluded earlier that this was insufficient to give the organization a direct, substantial, legally protectable interest in this lawsuit. It is also sufficiently attenuated that I cannot find that the organization's "claim" has a question of law or fact in common with this action.

■ In any case, I would deny permissive intervention in order to avoid any possible prejudice or undue delay in the litigation of this action. This lawsuit was filed in 1974. It has been appealed twice to the Court of Appeals for the Seventh Circuit.[1] In February of this year, phase 1 of the litigation was finally complete, and phase 2, defining the permissible scope and extent of the state's right to regulate plaintiff's off-reservation usufructuary rights, now has begun. To permit intervention by a new party at this point would raise the very real possibility of undue delay and prejudice. Accordingly, Muskies, Inc.'s motion for permissive intervention will be denied.

In view of the fact that the motion to intervene will be denied, I find it unnecessary to reach the question whether counsel for Muskies, Inc. has a conflict of interest that would preclude representation of the organization.

### ORDER

IT IS ORDERED that the motion to intervene by Muskies, Inc. is DENIED.

---

1. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341 (7th Cir.), *cert. denied*, 464 U.S. 805, 104 S.Ct. 53, 78 L.Ed.2d 72 (1983); *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. State of Wisconsin*, 760 F.2d 177 (7th Cir.1985).